IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| S.M.N., a minor, by and through her mother and next friend, LARISSA MARTINS,<br><br>      Plaintiff,<br><br>vs.<br><br>HAGELAND AVIATION SERVICES, INC., and MEGAN MARTINS,<br><br>      Defendants. | Case No. 4:10-cv-0031-RRB<br><br>**ORDER GRANTING<br>MOTION TO REMAND** |

I.  INTRODUCTION

Before the Court is Plaintiff S.M.N., a minor, by and through her mother and next friend, Larissa Martins with a motion to remand at Docket 11. Plaintiff contends that the current case should be immediately remanded to state court because the removal of Plaintiff's suit to this Court was not timely, and furthermore, such suit does not "'turn' on a 'substantial question of federal law.'"[1] Defendants Hageland Aviation Services, Inc. ("Hageland") and Megan Martins oppose at Dockets 17 and 16, respectively, and

---

[1] Docket 12 at 1.

argue that Plaintiff is claiming that Hageland violated 14 C.F.R. § 91.13 (2009), an allegation previously absent from Plaintiff's suit, which falls within this Court's subject matter jurisdiction.[2]

Inasmuch as this Court has determined that Plaintiff's potential use of 14 C.F.R. § 91.13 as the duty of care standard in its negligence claim does not present a substantial federal question, nor is Plaintiff's claim preempted by federal law, Plaintiff's claims were not properly removed and this Court lacks subject matter jurisdiction in the instant matter. Therefore, Plaintiff's Motion to Remand at **Docket 11** is hereby **GRANTED**.

## II. BACKGROUND

This is a personal injury case. Plaintiff, as an 18-month old infant, fell from a parked Hageland airplane on the tarmac in Bethel, Alaska.[3] Plaintiff landed on her head, fracturing her skull and suffering a traumatic brain injury.[4]

## III. RULE OF DECISION

Under 28 U.S.C. § 1447(c) (1996), after a case is removed from state court, "if at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case

---

[2] Docket 17 at 4; Docket 16 at 2.

[3] Docket 12 at 2; Docket 17 at 2.

[4] Docket 12 at 2.

shall be remanded." The present suit lacks complete diversity among the parties. Plaintiff and Defendant Megan Martins are residents of Alaska. Hageland is an Alaskan corporation. For this Court to acquire subject matter jurisdiction over plaintiff's suit, the suit must arise "under the Constitution, laws, or treaties of the United States."[5]

**IV. DISCUSSION**

    **A. This Court Does Not Have Subject Matter Jurisdiction Because 14 C.F.R. § 91.13 Does Not Create a Cause of Action, Nor Does its Potential Use Present a Substantial Federal Question.**

Defendants argue that Plaintiff's claims "raise clear disputes as to the duties and obligations of the airman and air carrier under the Federal Aviation Regulations ("FARs"), issues that are undecided by federal courts."[6] Therefore, Defendants argue this Court has subject matter jurisdiction over Plaintiff's claims.[7] The Court does not find Defendants' argument persuasive.

The current litigation has been removed to this Court once before and, at that time, the Court found that it did not have

---

    [5]    28 U.S.C. § 1331 (2010); 28 U.S.C. § 1441(b) (2010).

    [6]    Docket 17 at 6.

    [7]    <u>Id.</u>

ORDER GRANTING MOTION TO REMAND - 3
4:10-CV-0031-RRB

jurisdiction over the suit.[8] After reviewing Plaintiff's current motion to remand, the Court finds that Plaintiff's complaint at the time of the first removal is identical, in all material aspects, to the first amended complaint, which Defendants recently removed to this Court.[9] However, in reply to an opposition brief filed in Greydanus v. Hageland Aviation Servs., Inc., No. 5463068, slip op. (D. Alaska Dec. 29, 2010), counsel for Plaintiff stated, referring to the present case, that "[t]he plaintiff, a child, is arguing that Hageland was negligent, in violation of the 'careless and reckless' standard of **14 CRF** [sic] **§ 91.13** . . . ."[10] The only issue that must be resolved with regard to Plaintiff's motion to remand, therefore, is the effect on this Court's jurisdiction of Plaintiff's potential use of 14 C.F.R. § 91.13 as a negligence standard of care.

The Supreme Court has enumerated the situations in which Congress intended for federal courts to possess jurisdiction over

---

[8] S.M.N. ex rel. Martins v. Hageland Aviation Servs., Inc., No. 4:08-cv-00017 (D. Alaska Sep. 5, 2008) (ECF).

[9] Plaintiff's first amended complaint differs from the original complaint only by the addition of a claim of negligence against Megan Martins, and such claim does not affect Plaintiff's jurisdictional posture under the current motion to remand.

[10] Docket 41 at 8, Oct. 18, 2010, ECF No. 4:10-cv-00020-RRB (emphasis added).

ORDER GRANTING MOTION TO REMAND - 4
4:10-CV-0031-RRB

cases removed from state courts.[11] The Plaintiff's well-pled complaint must establish that: (1) "'[F]ederal law creates the cause of action'"; or (2) "'[T]he plaintiff's right to relief depends on resolution of a substantial question of federal law.'"[12] Furthermore,

> the vast majority of cases brought under the general federal-question jurisdiction of the federal courts are those in which federal law *creates the cause of action*.[13] . . . [T]he mere presence of a federal issue in a state cause of action does not automatically confer federal-question jurisdiction.[14]

Upon reviewing 14 C.F.R. § 91.13, it is clear that the regulation does not create a cause of action for Plaintiff.[15] The Court, therefore, must determine if Plaintiff's potential use of such regulation requires the resolution of a substantial question of federal law. It does not.

Subject matter jurisdiction over a state law claim is proper if: (1) "the case 'turn[s] on substantial questions of federal

---

[11] Merrell Dow Pharmaceuticals Inc. v. Thompson, 478 U.S. 804, 807 (1986) (quoting Franchise Tax Board of Cal. v. Constr. Laborers Vacation Trust for S. Cal., 463 U.S. 1, 28 (1983)).

[12] Id.

[13] 478 US at 808.

[14] Id. at 813 (emphasis added).

[15] O.S. ex rel. Sakar v. Hageland Aviation Servs., Inc., 609 F.Supp.2d 889, 892 (D. Alaska 2008)(the Federal Aviation Act does not contain an express or an implied private right of action).

law'[;] and (2) 'federal jurisdiction is consistent with congressional judgment about the sound division of labor between state and federal courts governing the application of § 1331.'"[16]

In the current litigation, Plaintiff's case does not turn on substantial questions of federal law. In her claim of negligence against Hageland, it is uncertain whether Plaintiff will seek or be permitted to use 14 C.F.R. § 91.13 as the standard of care. In her opposition to Hageland's motion for summary judgment in state court, Plaintiff referred to two possible standards that could be used to determine if Hageland was negligent: "This is true if the standard is 'carelessness' under **14 C.F.R. § 91.13**. It is even more true if the standard is that of a common carrier."[17] It is possible that Plaintiff could completely abandon 14 C.F.R. § 91.13 and use the heightened standard applied to a "common carrier." This uncertainty is further supported by the absence of any mention of the regulation in Plaintiff's first amended complaint. The decision of whether to pursue a state or federal law standard of care in a negligence claim belongs to a plaintiff as the master of

---

[16] 609 F. Supp. 2d at 893 (quoting Grable & Sons Metal Prods., Inc. v. Darue Eng'g & Mfg., 545 U.S. 308, 312-3 (2005)).

[17] Docket 7-1 at 8.

ORDER GRANTING MOTION TO REMAND - 6
4:10-CV-0031-RRB

her own complaint.[18]  Even if Plaintiff did decide to pursue her negligence claim based on the standard of carelessness presented in 14 C.F.R. § 91.13, and the trial court accepted this theory, Defendants might be found liable under theories that do not in any part rely on 14 C.F.R. § 91.13; Hageland under the doctrine of *res ipsa loquitur* and for negligent hiring, supervision, and training; and Megan Martins under common law negligence.  Whether 14 C.F.R. § 91.13 is used or not may well impact this litigation, but the case will not be primarily decided based upon the resolution of the standard of care issue. The Court finds, therefore, that Plaintiff's case does not "turn" on the resolution of a substantial question of federal law.

Additionally, Congress never intended that all aviation safety claims be removed to federal court.[19]  Congress's lack of intent is evidenced by the absence of any private cause of action, explicit or implicit, created by the FARs.[20]  If Congress intended for claims involving 14 C.F.R. § 91.13 to appear only in federal forums, it would have provided that such claims were preempted. Because federal jurisdiction in the present case would not be consistent

---

[18]   See Lippitt v. Raymond James Financial Services, Inc., 340 F.3d 1033, 1041 (9th Cir. 2003).

[19]   609 F. Supp. 2d at 892.

[20]   Id. at 894.

with congressional judgment about the sound division of labor between state and federal courts, the Court holds that there is no federal question jurisdiction over Plaintiff's state law claims.

**B. This Court Does Not Have Jurisdiction over Plaintiff's Suit under a Theory of Preemption Because 14 C.F.R. § 91.13 Does Not Provide Plaintiff with a Remedy**.

Defendants argue that "pilot operation of the aircraft and supervision of passengers are both preempted" by federal law.[21] Defendants are essentially contending that despite no mention of federal law in Plaintiff's first amended complaint, Plaintiff intends to use 14 C.F.R. § 91.13 as a negligence standard of care and such use automatically grants this Court jurisdiction through federal preemption. Defendants' contention is incorrect.

A plaintiff is the master of her complaint and, as such, can determine whether or not to seek to employ federal law in her suit by so arguing federal law in her complaint.[22] However, although a plaintiff does not argue federal law in her complaint, a court can still determine, through use of the artful pleading doctrine, that a plaintiff has attempted to avoid federal jurisdiction by "'omitting from the complaint federal law essential to his claim, or by casting in State law terms a claim that can be made only

---

[21] Docket 17 at 15.

[22] <u>Caterpillar Inc. v. Williams</u>, 482 U.S. 386, 392 (1987).

ORDER GRANTING MOTION TO REMAND - 8
4:10-CV-0031-RRB

under federal law.'"[23] When a district court encounters an artfully-pled pleading in a removal setting, it can recharacterize such claim as a federal claim.[24] Even though Plaintiff's counsel stated that Plaintiff will seek to use 14 C.F.R. § 91.13 as a negligence standard of care, there is still no mention of federal law on the face of Plaintiff's complaint, and this Court must employ the artful pleading doctrine to determine if the complaint contains a federal claim that would fall within this Court's jurisdiction.[25]

The Ninth Circuit has outlined the analysis a district court must undertake when determining if it has subject matter jurisdiction when dealing with potentially artfully-pled pleadings.[26] A district court must: (1) examine the well-pled complaint for a federal claim on its face; (2) if no federal claim is found, and the defendant has raised a serious claim of preemption, determine if the claim is preempted; and (3) if the

---

[23] Rains v. Criterion Systems, Inc., 80 F.3d 339, 344 (9th Cir. 1996).

[24] Id.

[25] Docket 41 at 8, Oct. 18, 2010, ECF No. 4:10-cv-00020-RRB. 482 U.S. at 392 ("The presence or absence of federal-question jurisdiction is governed by the 'well-pleaded complaint rule,' which provides that federal jurisdiction exists only when a federal question is presented on the **face** of the plaintiff's properly pleaded complaint." (emphasis added)).

[26] 80 F.3d at 344.

ORDER GRANTING MOTION TO REMAND - 9
4:10-CV-0031-RRB

claim is preempted, determine if a remedy is provided by federal law.[27] If a remedy is found, the district court has subject matter jurisdiction over the matter; without a remedy, however, the court lacks such jurisdiction.[28]

In the present case, Plaintiff's potential use of 14 C.F.R. § 91.13 implicates the FARs and could be construed as being within this Court's jurisdiction under federal preemption.[29] However, under the requirements of the artful pleading doctrine, Defendants' preemption argument fails and Plaintiff's suit does not fall within this Court's jurisdiction.

The Ninth Circuit has made it clear that where a defendant argues preemption over a state claim as a defense to a motion to remand, there must be some federal remedy available to the plaintiff in order for a district court to have jurisdiction over such claim.[30] Even if 14 C.F.R. § 91.13 were determined to establish a relevant standard of care, it does not provide any specific remedy to Plaintiff. Without such a remedy, Defendants'

---

[27] Stokes v. Bechtel North American Power Corp., 614 F. Supp. 732, 738 (D.C. Cal. 1985) (citing Hunter v. United Van Lines, 746 F.2d 635, 642 (9th Cir. 1984)).

[28] Id.

[29] Docket 41 at 8, Oct. 18, 2010, ECF No. 4:10-cv-00020-RRB.

[30] See Id. at 639-40.

preemption defense fails to establish subject matter jurisdiction. Therefore, due to Plaintiff's suit being improperly removed to this Court, such suit must immediately be remanded to state court for any further proceedings.

**V. CONCLUSION**

For the foregoing reasons, Plaintiff is entitled to remand under 28 U.S.C. § 1447(c).  Accordingly, Plaintiff's Motion to Remand at **Docket 11** is hereby **GRANTED**.  Furthermore, because the Court finds that Defendants had an "objectively reasonable basis for seeking removal," Plaintiff's request for costs and attorney fees is **DENIED**.[31]

**IT IS SO ORDERED.**

ENTERED this 11th day of January, 2011.

        S/RALPH R. BEISTLINE
        UNITED STATES DISTRICT JUDGE

---

[31] Martin v. Franklin Capital Corp., 546 U.S. 132, 141 (2005).